UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHATEMA B., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    1:19-cv-00566-NT |
| | ) |
| ANDREW M. SAUL, Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the November 15, 2018 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review the ALJ's decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of dysfunction of major knee joints, bipolar disorder, and anxiety disorder. (R.13.) The ALJ further determined that Plaintiff had a residual functional capacity (RFC) to perform light work, as defined by 20 C.F.R. § 416.967(b), except in an eight-hour workday, she can push or pull at the light weight limits. The ALJ also found that Plaintiff can frequently climb ramps and stairs; occasionally kneel, crouch, crawl, and climb ladders, ropes or scaffolds; is able to perform routine tasks for two-hour blocks; can never work with the public; can work in sight of coworkers but cannot do work requiring teamwork or collaborative effort; and can occasionally interact with supervisors and make basic work-related decisions. (R. 15-16.)

The ALJ determined that Plaintiff was unable to perform any past relevant work. (R. 22.) Considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff was able to perform, including the jobs of laundry folder, photocopy machine operator and small products assembler. (R. 23.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind

might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erroneously evaluated the opinion evidence in determining Plaintiff's RFC. Plaintiff also contends that the Appeals Council did not adequately evaluate the additional opinion evidence from Plaintiff's treating providers when it denied review of the ALJ's decision.

### A. Opinion Evidence

For claims filed on or after March 27, 2017, such as Plaintiff's, the regulations that govern the ALJ's evaluation of opinion evidence provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R § 404.1520c(a). Moreover, while an ALJ must consider the listed factors – supportability, consistency, relationship with the claimant, specialization, and other factors – "as appropriate[,]" *id.*, § 404.1520c(a) & (c), he or she need only explain his or her consideration of the two "most important factors[,]" supportability and consistency, and "may, but [is] not required to, explain how [he or she] considered" the remaining three factors. *Id.*, § 404.1520c(b)(2); *see also Ryan M. St. P. v. Saul*, No. 2:19-

cv-00169-NT, 2020 WL 1672785, *2 (D. Me. April 6, 2020).[2]

### *Carol Browning, M.D.*

In February 2017, October 2017, November 2017, and September 2018, Plaintiff's treating physician, Carol Browning, M.D., issued opinions and statements regarding Plaintiff's work capacity. (R. 257, 696-700, 1045-49.) (R. 20.) In February 2017, Dr. Browning found that Plaintiff's severe anxiety disorder did not allow her to tolerate the stresses of work. In her October 2017 and September 2018 opinions, Dr. Browning noted that Plaintiff had moderate, marked and extreme impairments in mental functioning. (R. 696-700; 1045-49.) While in her October 2017 statement, Dr. Browning did not comment further, in September 2018, Dr. Browning stated that Plaintiff remained ill-prepared to "take on the stresses and responsibilities of a work environment." (R. 1049.)

As the ALJ noted, Dr. Browning failed to provide detailed explanations for her conclusions and her "marked" and "extreme" degree limitations were not consistent with the contemporaneous medical treatment records. (R. 20.) The records reflect essentially benign mental status examinations and note on multiple occasions that Plaintiff has the ability for self-understanding and the capacity for decision-making. In addition, the records describe Plaintiff as alert, oriented, cooperative, calm, fluent, clear, linear, and goal directed, with good eye contact, normal focus, intact insight and judgment, normal mood

---

[2] Under the prior regulations, the Social Security Administration ordinarily gave "more weight" to opinions provided by treating sources than to opinions offered by non-treating sources. 20 C.F.R. § 404.1527(c)(2). In particular, "controlling weight" was given to "a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" if the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and … not inconsistent with the other substantial evidence in [the claimant's] case record." *Id.*

4

and affect, and negative for paranoia, suicidal or homicidal ideation, mania, delusions, and hallucinations. (R. 20; 339, 356, 769-70, 786, 800, 962, 970, 984, 1007, 1015, 1025, 1032 1043.) Inconsistency between a physician's treatment notes and her opinion is an appropriate basis for rejecting a treating physician's conclusions. *Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *3 (D. Me. Jan. 29, 2014).

Plaintiff's activities of daily living and the benign mental status examinations reported by other providers are also inconsistent with Dr. Browning's opinions. (R. 20; 324, 342, 349, 352, 362, 766, 776, 780, 791, 807, 974, 958, 980-81, 1004, 1011, 1018, 1028, 1037, 1040). As this Court has noted, a "plaintiff's largely normal mental status examinations" provide "substantial evidence supporting" a finding that a "treating source opinions' [are] inconsisten[t] with, and/or lack of support in, the record." *Compagna v. Berryhill*, No. 2:16-cv-00521-JDL, 2017 WL 5037463, at *5 (D. Me. Nov. 3, 2017), 2018 WL 265568 (D. Me. Jan. 2, 2018) (Order Adopting Recommended Decision). That is, inconsistency with "other substantial evidence of record" is another "well-recognized bas[i]s for affording a treating source's medical opinion little or no weight." *Id.* at *4.

In the context of the entire record, given the lack of explanation or discussion of Dr. Browning's conclusions and the inconsistency between Dr. Browning's opinions and the medical records and overall record, the ALJ supportably discounted Dr. Browning's opinions. *See* 20 C.F.R. § 416.920c(c)(1).

### *Mary Beth Leone, LCSW*

The ALJ also supportably found the June 2017 opinion of treating provider Mary Beth Leone, LCSW, similarly unpersuasive. (R. 21.) The ALJ observed that LCSW Leone

5

did not quantify any specific functional limitations, as required by the regulations governing medical opinions, 20 C.F.R. §§ 416.931(a)(2) & (a)(2)(i)(B). (*Id.*; R. 274.) Where a treating provider does not translate a claimant's "difficulties" into specific limitations, the provider has not offered an opinion for an ALJ to consider. *Brooks v. Berryhill*, No. 16-cv-00553-NT, 2017 WL 4119587, at *5 (D. Me. Sept. 17, 2017). The ALJ further found that LCSW Leone's opinion appeared to have been based largely on Plaintiff's subjective allegations. (R. 21; 274.) As this Court has held, "a plaintiff's subjective reports are insufficient to establish the existence of an impairment." *Ferrante v. Astrue*, 765 F. Supp. 2d 206, 210 (D. Me. 2010). The ALJ also determined that, as with Dr. Browning's opinions, LCSW Leone's opinion was inconsistent with the overall record, including with the benign mental status examinations, the lack of psychiatric hospitalizations or referrals for more intensive outpatient treatment programs, and Plaintiff's reports of improvement with treatment. (R. 21.) The ALJ's assessment of LCSW Leone's opinion is supportable.

### *Eric Jensen, Ph.D.*

Eric Jensen, Ph.D., a State agency psychological consultant, opined that Plaintiff could perform routine tasks over a normal workday and workweek with brief and episodic contact with supervisors and coworkers and no contact with the public. (R. 94-95.) The ALJ concluded that Dr. Jensen's November 2017 opinion was persuasive because Dr. Jensen provided a detailed explanation for his findings and his opinion was consistent with the overall record, the treatment Plaintiff had received, and Plaintiff's reported activities of

daily living.  (R. 21.)[3]

The ALJ's assessment of Dr. Jensen's opinion is supported by the record.  First, Dr. Jensen's opinion is in accord with the benign mental status examinations.  In addition, the medical record includes multiple entries that reflect Plaintiff's activities, such as shopping in stores and socializing with friends and her boyfriend, walking, dining, and going to the beach.  (R. 57, 59, 207-10.)  Dr. Jensen observed that the records reflect that Plaintiff had the capacity to perform in many activities although she reported "some limitations with sustaining attention and tolerating stress and changes to routine."

Plaintiff argues that the ALJ erred because Dr. Jensen did not review evidence of her treatment for an eating disorder, and evidence that her mental health "worsened" in 2018.  (SOE at 10, ECF No. 14.)  A review of the subsequently submitted medical records reveals, however, that although providers recommended treatment for an eating disorder, Plaintiff evidently did not receive the treatment.  (*See* R. 1018, 1025.)  More significantly, Plaintiff's mental status examinations remained benign in 2018.  (R. 958, 962, 1004, 1007, 1011, 1015, 1018, 1025, 1032, 1037, 1040, 1043.)

Plaintiff also maintains that while Dr. Jensen opined that Plaintiff was able to tolerate only "brief and episodic social contacts with supervisors and co-workers" (R. 95), the ALJ's RFC finding is inconsistent with the opinion.  The ALJ determined that Plaintiff can work in sight of coworkers, but cannot perform work that requires teamwork or

---

[3] The ALJ also found persuasive the November 2017 opinion of State agency medical consultant Leslie Abramson, M.D., reasoning that Dr. Abramson's assessment was also consistent with the overall medical record and Plaintiff's account of her activities of daily living. (*Id*.)

collaboration, and can only occasionally interact with supervisors. (R. 16.) "Occasionally," Plaintiff contends, is defined in various Social Security sources as "occurring from very little up to one-third of the workday." (SOE at 7.) Plaintiff argues that the ALJ's mental RFC finding is thus not consistent with Dr. Jensen's opinion.

The Dictionary of Occupational Title (DOT) rates all the jobs suggested by the vocational expert—laundry folder, photocopy machine operator and small products assembler—are rated "not significant" for the category "People: 8 – Taking Instructions – Helping." DOT § 207.685-014 (photocopy machine operator), 1991 WL 671745; § 369.687-018 (laundry folder), 1991 WL 673072; § 739.687-030 (small products assembler), 1991 WL 680180. This Court "has construed that rating as consistent with limitations to occasional, brief, and superficial contact with coworkers and supervisors …." *Connor v. Colvin*, No. 1:13–cv–00219–JAW, 2014 WL 3533466, at *4 (D. Me. July 16, 2014).

In short, Dr. Jensen's opinion supports the ALJ's RFC finding as to Plaintiff's interaction with supervisors and is otherwise supported by the record. The ALJ did not err when she concluded Dr. Jensen's opinion was persuasive and the RFC finding is consistent with Dr. Jensen's opinion.

## B. Appeals Council

At the Appeals Council, Plaintiff submitted additional evidence in the form of letters from Dr. Browning and LCSW Leone. As to the letters, the Appeals Council concluded that "this evidence does not show a reasonable probability that it would change the outcome of the decision." (R. 2.) The Appeals Council denied Plaintiff's request for a review of

the ALJ's decision.

Plaintiff argues that the Appeals Council erred in summarily reaching this conclusion regarding the additional evidence, citing this Court's decision in *Aaron H. v. SSA Comm'r*, No. 17:1-cv-00431-JAW, 2018 WL 4094847, at *4 (D. Me. Aug. 28, 2018), 2018 WL 5778297 (D. Me. Nov. 2, 2018) (Order Adopting Recommended Decision), in which case the Court remanded the matter where the Appeals Council, which had granted a review of the ALJ's decision, summarily concluded that new evidence, including treating source evidence, did not show a reasonable probability of a different outcome. *Id.* In *Aaron H.*, unlike in this case, the Appeals Council had granted the plaintiff's request for a review and had subsequently issued the Commissioner's final decision under review by this Court. *Id.* Here, the Appeals Council's "decision refusing review has all the hallmarks of a discretionary decision: the Appeals Council need not and often does not give reasons, and the regulations appear to provide the Appeals Council with a great deal of latitude in deciding which cases should be reviewed." *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001) (citing 20 C.F.R. § 416.1470).

"The First Circuit has emphasized that the Appeals Council's reasons for denying review are owed 'great deference[,]' although 'they are ordinarily not beyond review in extreme cases.'" *Alley v. Astrue*, Civil No. 09–636–B–W, 2010 WL 4386516, at *3 (D. Me. Oct. 28, 2010) (quoting *Mills*, 244 F.3d at 6). The standard for examining an Appeals Council denial of review is whether the Appeals Council's denial "rests on an explicit mistake of law or other egregious error." *Id.* The issue here, then, "is whether the Appeals Council was egregiously mistaken in its threshold determination that the new evidence did

9

not present a reasonable probability of changing the ALJ's decision." *Wilson v. Colvin*, No. 2:13–cv–197–JDL, 2014 WL 4715406, at *1 (D. Me. Sept. 22, 2014). Plaintiff does not argue that the Appeals Council was egregiously mistaken in finding that the newly submitted evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision, and "must accordingly be deemed to have waived any argument based on … the appropriate standard." *Oakes v. Colvin*, No. 1:15–cv–189–NT, 2015 WL 10436147, at *3 (D. Me. Dec. 28, 2015).

Even if the Court considered the merit of Plaintiff's argument regarding the evidence submitted to the Appeals Council, remand is not warranted. In their letters, both Dr. Browning and LCSW Leone fail to cite medical support in the record and their opinions are inconsistent with the medical findings of record, which are the same deficiencies the ALJ supportably cited in her assessment of their prior opinions. For instance, LCSW Leone opines, without citation to the medical record but in apparent reliance on Plaintiff's "own reports [of] having a hard time focusing and following instructions," that Plaintiff is unable to work. (R. 1143.) Dr. Browning refers to Plaintiff's irritability, poor frustration tolerance, and struggles with focus and judgment, observations which remain inconsistent with the previously noted and essentially benign mental status examinations. (R. 1145.) Given the evidence of record and substance of the letters of Dr. Browning and LCSW Leone, the Appeals Council's decision to deny review was not "egregiously mistaken." *Mills*, 244 F.3d at 5.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative

decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of July, 2020.